United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 18-10544-mdc |
| Nichele A. Younger | Chapter 13 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-2 | User: admin | Page 1 of 2 |
| Date Rcvd: Apr 06, 2021 | Form ID: pdf900 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+                Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 08, 2021:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Nichele A. Younger, 760 Bennington Road, Folcroft, PA 19032-1604 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

| | | |
|---|---|---|
| Date: Apr 08, 2021 | Signature: | /s/Joseph Speetjens |

---

## CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 6, 2021 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| JOHN L. MCCLAIN | on behalf of Debtor Nichele A. Younger aaamcclain@aol.com edpabankcourt@aol.com |
| KEVIN G. MCDONALD | on behalf of Creditor Pennsylvania Housing Finance Agency bkgroup@kmllawgroup.com |
| LEON P. HALLER | on behalf of Creditor Pennsylvania Housing Finance Agency lhaller@pkh.com dmaurer@pkh.com;mgutshall@pkh.com |
| REBECCA ANN SOLARZ | on behalf of Creditor Pennsylvania Housing Finance Agency bkgroup@kmllawgroup.com |
| United States Trustee | USTPRegion03.PH.ECF@usdoj.gov |
| WILLIAM C. MILLER, Esq. | ecfemails@ph13trustee.com philaecf@gmail.com |

District/off: 0313-2     User: admin     Page 2 of 2
Date Rcvd: Apr 06, 2021     Form ID: pdf900     Total Noticed: 1
TOTAL: 6

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Nichele A. Younger<br>　　　　　Debtor | CHAPTER 13 |
| PENNSYLVANIA HOUSING FINANCE AGENCY<br>　　　　　Movant<br>vs.<br>Nichele A. Younger<br>　　　　　Debtor<br>William C. Miller, Esquire<br>　　　　　Trustee | NO. 18-10544 MDC<br><br>11 U.S.C. Section 362 |

## **STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$8,281.30,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | August 2020 to November 2020 at $912.00/month |
| | December 2020 to March 2021 at $884.30/month |
| Suspense Balance: | $91.90 |
| Late Charges: | August 2020 to March 2021 at $18.75/each |
| Fees & Costs Relating to Motion: | $1,038.00 |
| **Total Post-Petition Arrears** | **$8,281.30** |

2. The Debtor(s) shall cure said arrearages in the following manner;

a). Beginning on April 1, 2021 and continuing through March 1, 2022, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$884.30** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$690.11 from April 2021 to February 2022 and $690.09 for March 2022** towards the arrearages on or before the last day of each month at the address below;

Pennsylvania Housing Finance Agency
211 North Front Street
Harrisburg, PA 17101

b). Maintenance of current monthly mortgage payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   March 17, 2021                    By: /s/ Rebecca A. Solarz, Esquire
                                              Attorney for Movant


Date:   April 1, 2021                     /"s"/Mitchell J. Prince, Esquire
                                          Mitchell J. Prince, Esquire
                                          Attorney for Debtor

*No objection to its terms, without prejudice to any of our rights and remedies*

Date: April 2, 2021

/s/ Jack Miller, Esquire*
William C. Miller, Esquire
Chapter 13 Trustee

Approved by the Court this  5th  day of _____ April _____, 2021. However, the court retains discretion regarding entry of any further order.

_____
Magdeline D. Coleman
Chief U.S. Bankruptcy Judge